FILED

SEP 2 9 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN HUDSON, ) | PLAINTIFF |
| ) | DEMANDS |
| Plaintiff, ) | TRIAL BY JURY |
| ) | |
| v. ) | Case No. 05 C 5623 |
| ) | |
| JAMES CASSIDY, WAYNE BUNCH, ) | |
| and the CITY OF CHICAGO ) | JUDGE LINDBERG |
| ) | |
| Defendants. ) | |
| | MAGISTRATE JUDGE SCHENKIER |

## COMPLAINT AT LAW

NOW COMES Plaintiff, STEVEN HUDSON, by and through his attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, and complaining against Defendants, JAMES CASSIDY, WAYNE BUNCH, and the CITY OF CHICAGO, states as follows:

### JURISDICTION

1. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

### VENUE

2. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief Defendants JAMES CASSIDY and WAYNE BUNCH both reside in the State of Illinois and the Northern District of Illinois.

1

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

## PARTIES

5. Plaintiff is a resident of Cook County, Illinois.

6. Defendant JAMES CASSIDY was, at all times relevant to this action, employed by the City of Chicago as a detective with the Chicago Police Department and was a resident of Cook County.

12. Defendant WAYNE BUNCH was, at all times relevant to this action, employed by the City of Chicago as a detective with the Chicago Police Department and was a resident of Cook County.

17. Defendant the CITY OF CHICAGO is a municipal corporation within the State of Illinois, and was at all times material to this action, the employer of Defendants James Cassidy and Wayne Bunch.

18. All individuals are sued in their official and individual capacities.

19. At all times relevant to this action, each of the named defendants acted in his or her official capacity, under the color of the laws, regulations, and customs of the State of Illinois.

## FACTS

20. On September 13, 1998, Jermaine Collins was shot and killed. There were three bullets found at the murder scene; each bullet was of a different make and caliber.

21. There was one eyewitness to the shooting -- Mark Davis. He told Defendants CASSIDY and BUNCH that he saw four men shoot Jermaine Collins. However Mr. Davis never told them that Plaintiff was one of those men.

22. Despite what Mr. Davis told Defendants CASSIDY and BUNCH, they decided instead that Plaintiff had murdered Mr. Collins.

23. On November 5, 1998, Plaintiff was arrested because he possessed a bag of marijuana.

24. Eventually, Defendant BUNCH began interrogating Plaintiff about the murder.

25. When Plaintiff would not confess to the murder, Defendant BUNCH put his thumbs in Plaintiff's eyes.

26. Defendant BUNCH then used a device to electrocute and shock Plaintiff. Defendant BUNCH shocked Plaintiff in the area from Plaintiff's abdomen to the tip of Plaintiff's penis.

27. Defendant BUNCH then left the room and Defendant CASSIDY entered.

28. Defendant CASSIDY began interrogating Plaintiff. Plaintiff maintained that he did not have knowledge of the crime and provided Defendant CASSIDY with a credible alibi.

29. Instead of looking into the alibi, Defendant CASSIDY continued to interrogate Plaintiff.

30. When Plaintiff would not confess, Defendant CASSIDY began to punch and kick Plaintiff, most notably in Plaintiff's abdomen area. After this, Defendant CASSIDY left the room.

31. When Defendant CASSIDY returned, he told Plaintiff that the police had Plaintiff's girlfriend in custody and that they were going to charge his girlfriend with the murder. They also told Plaintiff that they had Plaintiff's son in custody and that they were going to turn his son over to the Department of Children and Family Services if Plaintiff did not confess.

32. Plaintiff then told Defendant CASSIDY that he would confess to anything to which Defendant CASSIDY wanted him to confess. Defendant CASSIDY then began telling Plaintiff what to say. After he finished, Defendant CASSIDY left the room.

33. Defendant CASSIDY then returned with Defendant BUNCH and discussed Plaintiff's story.

34. Afterward, the Assistant State's Attorney took Plaintiff's statement with Defendant CASSIDY present. When Defendant CASSIDY left the room for a minute, Plaintiff tried to communicate to the Assistant State's Attorney that his confession was coerced. Instead of stopping the interview, she left the room. Defendant CASSIDY came back in alone and warned Plaintiff not to complicate things by causing anymore trouble and to remember that his girlfriend was in custody so their child would be taken away. After a while the Assistant State's Attorney returned and Plaintiff continued giving the statement.

35. Based on the confession, Plaintiff was charged with murder.

36. Plaintiff spent the next fifty four months in custody awaiting trial in the Circuit Court of Cook County.

37. Eventually, after receiving all discovery in the case, Plaintiff's defense attorney filed a motion to suppress Plaintiff's confession.

38. During the hearing on the motion, the trial judge learned of the coerced confession, granted the motion, and ordered the release of Plaintiff on an Individual Bond.

39. Defendants CASSIDY and BUNCH maintained that the confession was not coerced and that other evidence of Plaintiff's guilt would be forthcoming.

40. Given that Plaintiff was innocent, no other evidence was discovered and on

4

October 1, 2003 prosecutors *nolle prosequied* the charges.

## COUNT I: DUE PROCESS

41. Plaintiff restates and realleges all the statements made in paragraphs 20-40 of this Complaint as though fully set forth herein.

42. Defendants CASSIDY and BUNCH violated Plaintiff's right to Due Process when they:

    a. coerced Plaintiff into giving a false confession by:
        i. having Defendant BUNCH put his thumbs in Plaintiff's eyes;
        ii. electrocuting and shocking Plaintiff from his abdomen to the tip of his penis;
        iii. having Defendant CASSIDY punch and kick Plaintiff, most notably in his abdomen area;
        iv. threatened Plaintiff by telling him that they were going to charge his girlfriend with the murder; and
        v. claimed to have his son in their custody who they were ready to turn over to the Department of Children and Family Services if Plaintiff failed to confess.

    b. failed to disclose that they had used coercion to extract Plaintiff's confession;

43. That as a result of their actions, Plaintiff was charged with murder, forced to appear in court to answer charges, held in Cook County Jail for approximately 4.5 years and had limits placed on his personal freedom, was separated from his family, experienced great humiliation, disgrace, mental anguish, and physical discomfort, and otherwise incurred physical and emotional distress as a result of defending the arrest and prosecution.

WHEREFORE, Plaintiff demands from Defendants CASSIDY and BUNCH the following:

    a. compensatory damages in an amount not less than $10,000,000.00;
    b. award Plaintiff his attorney fees, costs, expert witness fees, and disbursements, and;

5

      c.      any other relief this court deems just and necessary.

## COUNT II: FALSE ARREST

44.     Plaintiff restates and realleges all the statements made in paragraphs 20-40 and paragraphs 42-43 of this Complaint as though fully set forth herein.

45.     That there was no probable cause to arrest Plaintiff for murder and that it was done with malice, in violation of Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

46.     That as a result of Defendants' actions, Plaintiff was arrested and held in Cook County Jail.

WHEREFORE Plaintiff respectfully request that this Court enter judgment against Defendants CASSIDY and BUNCH and:

      a.      compensatory damages in an amount not less than $10,000,000.00;
      b.      award Plaintiff his attorney fees, costs, expert witness fees, and disbursements, and;
      c.      any other relief this court deems just and necessary.

## COUNT III: EXCESSIVE FORCE

47.     Plaintiff restates and realleges all the statements made in paragraphs 20-40, paragraphs 42-43, and paragraphs 45-46 of this Complaint as though fully set forth herein.

48.     That Plaintiff did not exhibit any force against Defendants CASSIDY and BUNCH.

49.     That Defendant BUNCH put his thumbs in Plaintiff's eyes and electrocuted and shocked Plaintiff from his abdomen to the tip of his penis.

50.     That Defendant CASSIDY punched and kicked Plaintiff, most notably in

Plaintiff's abdomen area.

51. That Defendants acted without cause and with malice, in violation of Plaintiff's Fourth and Fourteen Amendment right to be free from unreasonable seizure.

52. That Plaintiff suffered physical injury as a result of Defendants' actions and required medical attention, some of which injury Plaintiff suffered is permanent.

53. That Plaintiff suffered physical and emotional harm from the extreme and outrageous, intentional, willful, wanton, and/or knowing acts of Defendants CASSIDY and BUNCH, who knew there was a high probability that their conduct would cause Plaintiff to suffer severe physical and emotional distress.

WHEREFORE Plaintiff respectfully request that this Court enter judgment against Defendants CASSIDY and BUNCH and:

a. compensatory damages in an amount not less than $10,000,000.00;
b. award Plaintiff his attorney fees, costs, expert witness fees, and disbursements, and;
c. any other relief this court deems just and necessary.

## COUNT IV: *MONELL* CLAIM AGAINST DEFENDANT CITY OF CHICAGO

54. Plaintiff restates and realleges all the statements made in paragraphs 20-40, paragraphs 42-43, paragraphs 45-46, and paragraphs 48-53 of this Complaint as though fully set forth herein.

55. The actions of Defendants Cassidy and Bunch were done pursuant to one or more of the following interrelated informal policies, practices and/or customs of Defendant City of Chicago and its Police Department.

56. At all times material to this Complaint, Defendant City of Chicago and its Police

7

Department had interrelated policies, practices, and/or customs, including, among others:

    a. allowing and encouraging its police personnel to conduct physically, psychologically, other otherwise illegally or improperly coercive interrogations of suspects, arrestees, and witnesses in order to obtain false confessions and procure wrongful convictions;

    b. the filing of false reports, and giving false statements and testimony related to witness interviews and confessions;

    c. the failure to videotape the interviews of suspects, arrestees, and witnesses;

    d. the failure to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control officers in their employ particularly when for years, the City knew its officers engaged in misconduct, especially in high profile or "heater" cases;

    e. the police code of silence, where officers refuse to report or otherwise cover-up instances of police misconduct despite their obligations under the law and police regulations. The code of silence also includes police officers remaining silent or giving false and misleading information to protect themselves or fellow officers from internal discipline, civil or criminal liability;

    f. refusing to properly investigate, arrest and charge, suborning perjury, and otherwise obstructing justice.

57. The pattern and practice of misconduct is well known within the Chicago Police Department and by its supervisors.

58. The interrelated policies, practices and/or customs as set forth above were maintained by the City and its Police Department with deliberate indifference, proximately causing the injuries suffered by Plaintiff.

WHEREFORE Plaintiff respectfully request that this Court enter judgment against Defendant City of Chicago and:

    a. compensatory damages;
    b. award Plaintiff his attorney fees, costs, expert witness fees, and disbursements, and;
    c. any other relief this court deems just and necessary.

### COUNT V: 745 ILCS 10/9-102 CLAIM AGAINST THE CITY OF CHICAGO

8

59. Plaintiff restates and realleges all the statements made in paragraphs 20-40, paragraphs 42-43, paragraphs 45-46, and paragraphs 48-53 of this Complaint as though fully set forth herein.

60. Defendant CITY OF CHICAGO was, at all times material to this Complaint, the employer of Defendants Cassidy and Bunch.

61. Defendants Cassidy and Bunch committed the acts alleged above in the scope of their employment as employees of the City of Chicago.

WHEREFORE, pursuant to 745 ILCS 10/9-102, Plaintiff demands judgment against the employer Defendant named in this Count in the amount awarded to Plaintiff and against the employee Defendants by way of judgement or settlement, including any and all amounts awarded for damages and costs.

Respectfully submitted,

Attorney for Plaintiff

Scott T. Kamin
Law Offices of Scott T. Kamin
20 E. Jackson Blvd
Suite 600
Chicago, IL 60604
(312) 322-0077
IL Attorney No.: 6226855